Rev. 3/19

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

Kane, Ali 418107
*Plaintiff's full name and prisoner number*

Plaintiff,

v.

Carmack;
David Pauli

*Defendant's/defendants' full name(s)*

Defendant(s).

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

Case No. 2:25-cv-01972-DGE-TLF
(leave blank – for court staff only)

**PRISONER CIVIL RIGHTS COMPLAINT**

Jury Demand?
☑ Yes
☐ No

## WARNINGS

1. Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2. Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3. Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4. Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5. You may, but do not need to, send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint. Any documents you submit *must relate directly to the claims you raise in this lawsuit.* They will become part of the court record and *will not be returned to you.*

---

## I. PLAINTIFF INFORMATION

Kane, Ali — Name (Last, First, MI)
Toumbou Abdoulaye — Aliases/Former Names

418107 — Prisoner ID #

~~Monr~~ Monroe correctional complex — Place of Detention

P.O. Box 777 — Institutional Address

Monroe — County, City
WA — State
98272 — Zip Code

*Indicate your status:*

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner

## II. DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1: Carmack
Name (Last, First)

Imu Law Librarian
Current Job Title

Monroe correctional complex P.O. Box 777
Current Work Address

Monroe | WA | 98272
County, City | State | Zip Code

Defendant 2: Pauli, David
Name (Last, First)

Imu Law Librarian Supervisor
Current Job Title

Monroe correctional complex P.O. Box 777
Current Work Address

Monroe | WA | 98272
County, City | State | Zip Code

Defendant 3: ____________________
Name (Last, First)

____________________
Current Job Title

____________________
Current Work Address

____________________
County, City | State | Zip Code

## III. STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you must specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). If you do not specify the portion of the supporting document(s), the Court may disregard your document(s).*

**COUNT I**

*Identify the first right you believe was violated and by whom:*

1.1 Frist Amendment Fourteenth Amendment

*State the facts of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2

Please see attached

Please see attached

*State with specificity the injury, harm, or damages you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

Please see attached

1.2 On 9/15/25 I sent a kite & DOC 19-084 form to the law library at MCC stating that I had a deadline on 9/17 in case # 2:23-cv-00204-TOR.

1.21 I informed them I needed to E-file as soon as possible.

1.22 ~~The~~ next Carmack the law librarian, came to IMU to collect another inmate's legal files.

1.23 While she was on the tier I informed her of my deadline & that I wish to file as soon as possible.

1.24 She informed me that she was not going to process my documents because she had five days to act on my request regardless of my deadline.

1.25 I reached out to multiple people including David Pauli who is her supervisor.

1.26 On 9/17, I missed my deadline to file a joint pre-trail order & my case was dismissed.

1.27 My complaint was dismissed for failure to follow technicality.

1.28 I had no control over this because Carmack refused on several occaisions to E-file my documents.

1.29 On 9/25 my Counselor Saunders sent an email to Carmack stating that I need to E-file some documents.

1.3 He responded to me that she stated that she will show up on 9/30, to file my documents.

1.31 On 9/30 Carmack came to IMU & once again refused to show up at my door to file my documents.

1.32 CUS Meyer reached out to her supervisor David Pauli to see why I wasn't being allowed access to law library.

1.33 The Sgt on duty that day asked me if I wrote any grievances concerning the issue & stated in which I did.

1.34 The initial grievance I wrote was denied twice so therefore it was exhausted.

1.35 The sgt told me to write another one in which I did & handed it over to him.

1.36 The sgt came back & told me that I should fill out more requests to the law library.

1.37 I explained that I've been filling out requests everday but I still filled out more.

1.38 On 10/1, I explained the situation to Sgt Mcrae. He stated that I should fill out a request & hand it directly to him. I did as instructed.

1.39 The next day Sgt Mcrae informed me that he received an email & that she would be here that day to file my documents. Carmack once again showed up but gave the excuse that her

1.4 supervisor told her to take her time because I didn't have any deadlines.

1.41 This of course is false because I have multiple deadlines in the 9th circuit & the eastern district.

1.42 Due to Carmack refusing to E-file my documents on or before 9/17 my case was dismissed due to lack of prosecution.

1.43 I informed her before hand & gave her ample opportunity to file my documents before my deadline.

1.44 Since my transfer to MCC it had been very difficult to use the law library services.

1.45 I got transferred to MCC & wasn't able to access law library until 10/6.

1.46 David Pauli who is Carmack's direct supervisor was well aware of this but chose to do nothing matter of fact he instructed Carmack to take her time because I didn't have any deadlines.

1.47 I've exhausted my remedies but the damage has already been done.

1.48 For refusing to E-file my documents before my deadline Carmack has violated my Frist Amendment right to access to courts.

1.49 The case that was dismissed was a non-frivolous case that was scheduled to proceed to trial on November 3rd 2025 in spokane county district court.

1.5 Even immediately after I missed my deadline Carmack showed up multiple times to Imu but still refused to E-file my documents.

1.51 It took me 3 weeks to file any document with the district court such as a notice of change of address.

1.52 As a consequence of carmack's actions alongside with her supervisor's approval Mr. David Pauli, I suffered an actual injury which was the dismissal of a non-frivilous case labeled Kane v. Chlarson case # 2:23-CV-00204-TOR which was dismissed for failure to meet a deadline on 9/17/25.

1.53 I'm requesting damages from law librarian Carmack & David Pauli in their individual capacities in the Amount of $800,000.

It also should be noted that I sent a kite to the law library on 10/1 explaining that I need to E-file certain documents & that I had a deadline on 9/17 that I've already missed. (see exhibit).

1.54 The response that carmack gave was that I did'nt have any verifiable deadlines in the cases I listed & that I would have to provide documents.

1.55 I'm not sure why she stated this because I've already verified my deadlines with the law library at CBCC & was granted priority access prior to my transfer. (see exhibit 2), in case # 2:23-cv-00204-TOR

1.56 That deadline was for 9/17/25 & it was dismissed on 9/22/25.

1.57 I also explained that I have a certain number of days to appeal.

1.58 The 2nd deadline is in Kane v. Adams No. 4:25-cv-05084-RLP.

1.59 In that case the Eastern District issued an Order on 9/25/2025 directing me to amend or voluntarily dismiss within 30 days.

1.6 Given that the law library has access to all my cases, I've never had an issue in the past at other facilities telling me that I did'nt have deadlines when in fact I did.

1.61 Lastly carmack responed to a kite I wrote asking her if she could collect my documents for E-filing by stating "I do not come collect documents".

1.62 Frist of all this statement is false because she is the IMU law librarian & responsible for coming to inmate's cell front to collect documents that need to be E-filed or copied.

1.63 Also regular DOC staff are not allowed to handle an inmate's legal documents so any documents I wish to present the law library they

1.64 would have to physically show up to my cell door.

Given that she was refusing or taking her time to show up at my door even if I wanted to, I wasn't able to show her any documents.

1.65 Even immediately after my deadline ~~or~~ before my complaint was dissmissed on 9/18, Ms. Carmack came once again to IMU & refused to even show up at my door.

1.66 While she was filing an inmates paper's on the lower tier I once again ~~yelled~~ tried to reach out to her that I needed to E-file some documents immediately due to my deadline.

1.67 She responded that she'll be back next week & to send her a kite.

1.68 I replied that I've already sent her several kites but she never said anything after that & left.

1.69 Due to Carmack actions I missed my deadline & the case was ultimately dismissed on 9/22/25.

1.7 She had 2 opportunities to file my documents before my case was dismissed but failed to do so for reasons unknown to me.

1.71 I followed all rules & procedures in-order to get my ~~E-file~~ documents E-filed on time but to no avail.

1.72 David Pauli her supervisor was made aware of ~~E~~ my situation by multiple staff members in IMU but he decided to take no action.

1.73 Matter of fact he directed her to take her time in coming to my cell front & filing my documents.

1.74 For these reasons David Pauli & Ms. Carmack are both guilty of violating my Frist Amendment rights access to courts.

1.75 As proof, I've also attached with this complaint a law library request for priority access form approved & verified by Mr. Erickson the law librarian at CBCC.

1.76 I submitted it on 8/18/25 & he signed & approved it on 8/20/25. All forms are scanned electronically & all law librarians in DOC has access to it.

1.77 The reason Mr. Erickson approved of my request was that he stated " Due to continual deadlines between now and Nov 3, 2025 priority Access is granted until November 3, 2025."

1.78 This contradicts the law librarians response to my kite that I did'nt have any verifiable deadlines.

1.79 I don't have any explanation as to why they would claim I ~~don't~~ did'nt have any verifiable deadlines and not show up to E-file my documents before & immediately after my deadline.

1.8 Anything I say would be mere speculation so therefore I'm reseigned to allow defendants a chance to offer an explanation.

1.81 I conclude this complaint by saying the evidence speaks for itself.

~~1.82~~

## IV. RELIEF

*State exactly what you want the Court to do for you. For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief. Make no legal arguments. Cite no cases or statutes.*

Please see attached

## V. SIGNATURE

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

10/6/25
Dated

[signature]
Plaintiff's Signature