UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALI KANE a/k/a ABDOULAYE TOUMBOU, | CASE NO. 2:25-cv-01972-DGE-TLF |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 17) |
| v. | |
| CARMACK et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for a temporary restraining order. (Dkt. No. 17.) On December 9, 2025, Plaintiff filed a complaint in this Court. (Dkt. No. 8.) Plaintiff, who is presently incarcerated, alleges Defendants, a law librarian and two supervising librarians, failed to assist him in e-filing legal documents, which resulted in him missing deadlines in two civil cases. (*Id.*) Plaintiff asserts causes of action under the First and Fourteenth Amendments. (*Id.* at 10.)

On February 9, 2026, Plaintiff filed the instant motion for a temporary restraining order. (Dkt. No. 17.) Plaintiff seeks to enjoin the law librarians at the Monroe Correctional Complex

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 17) - 1

from "unnecessarily delaying [his] access to the law library." (*Id.* at 1.) Plaintiff contends law librarians are not consistently available to assist him with filing legal documents, and states he is concerned that in the absence of a court order, he may miss deadlines in this case. (*Id.*) The Court acknowledges Plaintiff's concerns. Nevertheless, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Id.* at 20.

The Court is not persuaded Plaintiff meets the requirements for injunctive relief. The Court notes that Plaintiff's motion for a temporary restraining order was docketed the same day it was submitted by Plaintiff. (Dkt. No. 17 at 3.) Moreover, Plaintiff appears to be seeking a mandatory injunction, which provides preliminary relief well beyond maintaining the status quo. *Starkgraf v. White*, Case No. 3:23-cv-05593-RJB-MLP, 2024 WL 2925013 at *1 (W.D. Wash. May 10, 2024), citing *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Courts must be "extremely cautious" when "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo." *Committee of Cent. Am. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986) (internal citation and quotation omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (explaining that the burden on a party seeking a mandatory injunction is "doubly demanding").

Accordingly, Plaintiff's motion (Dkt. No. 17) is DENIED. However, the Court is aware of Plaintiff's circumstances and will evaluate any delayed filings accordingly.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 17) - 2

Dated this 10th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 17) - 3