UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALI KANE,

                Plaintiff,

     v.

CARMACK, et al.,

                Defendants.

Case No. 2:25-cv-01972-DGE-TLF

REPORT AND RECOMMENDATION

Noted for   May 28, 2026

Plaintiff, Ali Kane, a prisoner currently confined at Washington State Penitentiary, proceeds pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action. This matter is before the Court on defendants' motion to dismiss. Dkt. 18. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4.

For the reasons set forth below, the undersigned recommends that the Court grant defendants' motion (Dkt. 18) and dismiss plaintiff's claims without prejudice.

FACTUAL BACKGROUND

Plaintiff names the following defendants: Carmack, Monroe Correctional Complex Intensive Management Unit (IMU/MCC) Law Librarian; David Pauli, IMU Law Librarian Supervisor; Pete Maxson, IMU Law Librarian Supervisor. Dkt. 8. Plaintiff alleges defendants violated his First and Fourteenth Amendment rights to access the courts by failing or refusing to timely collect and e-file his court documents in a case

REPORT AND RECOMMENDATION - 1

filed in the United States District Court for the Eastern District of Washington under case number 23-cv-00204-TOR. *Id.* Plaintiff alleges defendants' refusal resulted in his missing a September 17, 2025, deadline for filing in that case which resulted in the court dismissing his case without prejudice. *Id.*; *see Kane v. Chlarson*, No. 23-cv-00204-TOR, Dkts. 104, 111, (E.D. Wash.).

A review of the docket in *Kane v. Chlarson*, No. 23-cv-00204-TOR, and *Kane v. Chlarson*, 25-6271 (9th Cir.) reflects that plaintiff has appealed the dismissal of his case and that his appeal is still pending. *See*, *Kane v. Chlarson*, No. 23-cv-00204-TOR, Dkt. 115; *Kane v. Chlarson*, 25-6271 (9th Cir.).[1]

As relief, plaintiff seeks $500,000 in damages from defendants. Dkt. 8.

DISCUSSION

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the

---

[1] The Court takes judicial notice of the dockets in *Kane v. Chlarson*, No. 23-cv-00204-TOR and *Kane v. Chlarson*, 25-6271 (9th Cir.). *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (internal quotation marks and citation omitted); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (same).

REPORT AND RECOMMENDATION - 2

complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." *Phillips v. Hust,* 477 F.3d 1070, 1075 (9th Cir.2007) (citing *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)), *vacated on other grounds by Hust v. Phillips,* 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2009). "[A]ccess to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty." *Id.* at 1075–76 (internal quotation and citation omitted).

Backward-looking access to courts claims, as presented here, involve the lost opportunity to litigate a specific case, "no matter what official action [is taken] in the future." *Christopher v. Harbury*, 536 U.S. 403, 413–14, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff's cause of action is a backward-looking claim in that he argues defendants' actions and policies preventing him from timely filing documents in accordance with the Court's deadlines in his action resulting in dismissal of the action without prejudice for failure to prosecute.

There are three elements required to state a backward-looking denial of access claim: "1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that

REPORT AND RECOMMENDATION - 3

is not otherwise available in a future suit." *Phillips*, 477 F.3d at 1076 (citing *Christopher,* 536 U.S. at 413–14).

With respect to the first element, plaintiff must show they suffered an "actual injury" by being "shut out of court." *Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351; *Phillips*, 477 F.3d at 1076. With respect to the second element, plaintiff must show that a defendant "proximately caused" the alleged violation of his rights. *Phillips*, 477 F.3d at 1077. And as to the third element plaintiff must show they have "no other remedy than the relief available in [the] denial of access suit." *Id.* at 1078–79.

Defendants argue, in part, that plaintiff's claims are premature as they appealed the dismissal of the action in the Eastern District of Washington case, and that appeal remains pending in the Ninth Circuit. Dkt. 18.

Plaintiff successfully filed his complaint in the Eastern District of Washington action, and, although the Court dismissed plaintiff's claims raised in that action without prejudice due to his failure to meet a deadline, plaintiff has appealed the dismissal. Because the appeal remains pending, plaintiff fails to show he has sustained an "actual injury" at this stage because he was "shut out of court." *See Christopher,* 536 U.S. at 415; *Lewis,* 518 U.S. at 351. *Polk v. Cavin*, No. C 08-1483 MMC PR, 2012 WL 1893529, at *4 (N.D. Cal. May 23, 2012), *aff'd*, 671 F. App'x 483 (9th Cir. 2016) ("Although this Court originally dismissed plaintiff's claims against County defendants as time-barred, the Ninth Circuit, as noted above, reversed and remanded for further proceedings on those claims. Because plaintiff's lawsuit against County defendants remains pending, she has sustained no 'actual injury' as a result of being 'shut out of court.' *See Christopher,* 536 U.S. at 415; *Lewis,* 518 U.S. at 351"). For the same

REPORT AND RECOMMENDATION - 4

reasons, plaintiff cannot show defendants proximately caused any injury. *See id.*; *Phillips*, 477 F.3d at 1077. And, because his appeal of the dismissal in the Eastern District of Washington action is pending, plaintiff fails to show he has no remedy other than the relief available on his denial of access claim. *See id.*; *Phillips*, 477 F.3d at 1078–79.

Although, plaintiff's appeal may be denied, at this stage of the proceedings, his denial of access claim is premature. If plaintiff succeeds on his appeal, and the Ninth Circuit Court of Appeals orders the District Court's decision reversed and remanded to proceed, he will not have suffered any cognizable injury that the Court can discern, nor does he identify any injury he would suffer in this circumstance. *See Polk*, 2012 WL 1893529, at *4 (finding although plaintiff's claims were initially dismissed, the dismissal was reversed on appeal and the claims proceeded, thus plaintiff had sustained no actual injury as a result of being shut out of court).

"Premature claims for denial of access to the courts are subject to dismissal without prejudice." *See Polk*, 2012 WL 1893529, at *4; *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir.1998); *see, e.g., Kari–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 625 (9th Cir.1988) (finding dismissing without prejudice appropriate remedy where plaintiff's allegations would be mooted if he were to succeed on claims that remained pending).

Accordingly, plaintiff's claims should be dismissed without prejudice as premature.

Defendants also move for dismissal based on qualified immunity. When defendants assert qualified immunity in a motion to dismiss under Fed. R. Civ. P.

REPORT AND RECOMMENDATION - 5

12(b)(6), "'dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)).

In determining whether an official is entitled to qualified immunity, a court must determine whether, reading the allegations in the light most favorable to plaintiff: (1) defendant's conduct violated a constitutional right; and (2) the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A Court may address the steps of the qualified immunity analysis in whichever order it finds most expedient. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The second step of the qualified immunity analysis provides that defendants are entitled to qualified immunity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Plaintiff bears the burden of proving that the right allegedly violated was clearly established at the time of the violation; if the plaintiff meets this burden, then the defendant bears the burden of establishing that the defendant reasonably believed the alleged conduct was lawful. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 916-17 (9th Cir. 1996); *Browning v. Vernon*, 44 F.3d 818, 822 (9th Cir. 1995); *Neely v. Feinstein*, 50 F.3d 1502, 1509 (9th Cir. 1995), *overruled in part on other grounds by L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996); *see also Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the right were clearly established.").

REPORT AND RECOMMENDATION - 6

Here, plaintiff cites to no clearly established law, nor is the Court aware of any, holding that law library staff violate plaintiff's constitutional right to access to the courts where plaintiff's underlying claim is dismissed without prejudice by the District Court, and plaintiff's appeal of that dismissal remains pending in the Court of Appeals.

Accordingly, plaintiff's claims are also subject to dismissal without prejudice on this basis as well. [2]

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court GRANT defendants' motion to dismiss (Dkt. 18) and that plaintiff's claims be dismissed without prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 28, 2026**, as noted in the caption.

Dated this 13th day of May, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

---

[2] Because the Court finds dismissal of the action is appropriate on this basis, it does not reach defendants other arguments.

REPORT AND RECOMMENDATION - 7